**NOT YET SCHEDULED FOR ORAL ARGUMENT**

# United States Court of Appeals
# for the District of Columbia Circuit

### No. 12-7052

THIRD DEGREE FILMS, INC.,

*Plaintiff-Appellee,*

*vs.*

DOES, 1-152,

*Defendant-Appellee,*

BAILEY ZWARYCZ, AKA JOHN DOE 116 AND JOHN DOE 117,

*Defendant-Appellant*

TALBORT TABOR; GEORGE MARROW, SANJAY NAG,

*Defendants-Appellees.*

*On Appeal from the United States District Court for the District of Columbia in Case No.1:11-CV-01833-BAH (Hon. Beryl A. Howell, Judge)*

## BRIEF FOR APPELLEE
## THIRD DEGREE FILMS, INC.

MIKE MEIER (444132)
THE COPYRIGHT LAW GROUP, PLLC
4000 Legato Road, Suite 1100
Fairfax, VA 22033
Phone: (888) 407-6770
Fax: (703) 546-4990
mike.meier.esq@copyightdefenselawyer.com

*Counsel for Appellee*

January 17, 2013

# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

PARTIES

The following Parties were involved in the district court:

Third Degree Films, Inc., Plaintiff and Counterclaim Defendant
Bailey Zwarycz, Defendant and Counterclaim Plaintiff
Does 1-152, Defendants
Talbort Tabor, Defendant
George Marrow, Defendant
Sanjay Nag, Defendant
Keith Joseph, Defendant
Gerald Brooks, Interested Party
Mike Lewis, Interested Party
John Doe #61, Interested Party
Comcast Cable Communications, LLC, Interested Party

The following persons are Parties in this Court:

Third Degree Films, Inc., Appellee
Bailey Zwarycz, Appellant

RULING UNDER REVIEW

Bailey Zwarycz seeks review of Judge Beryl Howell's Minute Order regarding Plaintiff/Appellee Third Degree Film's Motion to Dismiss Defendant/Appellant Zwarycz's Counterclaim (April 20, 2012) (CA 11-01833). Judge Howell granted Plaintiff's motion to dismiss Defendant Zwarycz's counterclaim.

RELATED CASES

This case was not previously before this Court or any other court.

## DISCLOSURE OF CORPORATE AFFILIATIONS
## AND FINANCIAL INTERESTS PURSUANT TO CIRCUIT RULE 26.1

I, the undersigned, counsel of record for Plaintiff Third Degree Films, Inc., certify that to the best of my knowledge and belief, <u>no</u> parent company, subsidiary or affiliate of Third Degree Films, Inc. has any outstanding securities in the hands of the public. The undersigned certifies that there is no parent corporation or any publicly held corporation owning 10% or more of Plaintiff.

Plaintiff is a movie production company who filed the underlying lawsuit in order to enforce its copyright in a motion picture.

FOR THE PLAINTIFF/APPELLEE:

By:     /s/ Mike Meier
Mike Meier (444132)
The Copyright Law Group, PLLC
4000 Legato Road, Suite 1100
Fairfax, VA 22033
Phone: (888) 407-6770
Fax: (703) 546-4990
mike.meier.esq@copyrightdefenselawyer.com

ATTORNEY FOR PLAINTIFF/APPELLEE

# TABLE OF CONTENTS

*Page*

CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES ..........................................................................................i

DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTERESTS PURSUANT TO CIRCUIT RULE 26.1 ..................... ii

TABLE OF CONTENTS ........................................................ iii

TABLE OF AUTHORITIES .................................................... v

GLOSSARY ....................................................................... vii

COUNTER-STATEMENT OF JURISDICTION ............................ 1

COUNTER-STATEMENT OF ISSUES ...................................... 2

COUNTER-STATEMENT OF THE CASE ................................... 2

COUNTER-STATEMENT OF FACTS ....................................... 8

SUMMARY OF ARGUMENT ................................................ 12

ARGUMENT ................................................................... 14

I.  THIS COURT DOES NOT HAVE JURISDICTION OVER APPELLANTZWARYCZ'S APPEAL ................................... 14

Appellant Cannot Appeal from a Stipulated Dismissal with Prejudice .................................................................. 14

Zwarycz Waived Her Right to Appeal by Agreeing to the Stipulated Dismissal ..................................................... 15

II. APPELLANT ZWARYCZ'S COUNTERCLAIM WAS PROPERLY DISMISSED ................................................ 18

The Abuse of Process Counterclaim Was Specious Ab Initio. Thus, the Counterclaim was Properly Dismissed and Her Appeal is Frivolous. .................................................... 18

III.  APPELLANT ZWARYCZ'S APPEAL IS FRIVOLOUS
AND MUST BE DISMISSED ................................................................23

IV.  PLAINTIFF/APPELLEE THIRD DEGREE FILMS
SHOULD BE AWARDED ATTORNEY'S FEES UNDER
CIRCUIT RULE 38 ...............................................................................26

CONCLUSION ......................................................................................................29

CERTIFICATE OF COMPLIANCE WITH TYPEFACE AND TYPE
STYLE REQUIREMENTS ...................................................................................30

CERTIFICATE OF SERVICE .............................................................................31

# TABLE OF AUTHORITIES

*Page(s)*

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...................................................................13

*Bown v. Hamilton*,
   601 A.2d 1074 (D.C. 1992) ........................................................18

City of Los Angeles v. Santa Monica Baykeeper,
   254 F.3d 882 (9th Cir. 2001) ...................................................15

Coughlin v. Cataldo,
   No. 23108 (Supreme Court of Hawaii, June 22, 2000) ....................15

Digital Sin, Inc. v. John Does 1-176, Civil Action No.
   1:12-cv-00126-AJN, 2012 U.S. Dist. LEXIS 78292
   (S.D.N.Y. January 30, 2012) .............................................. 23, 26

*Dormu v. Dist. of Columbia*, Civil Action 08-00309 (HHK)
   (Memorandum Opinion of June 7, 2011) (D.D.C., 2011)................... 12, 18, 22

K-Beech, Inc. v. John Does 1-85, Civil Action No. 3-11-cv-469-JAG,
   2011 U.S. Dist. LEXIS 124581 (E.D. Va. Oct. 5, 2011)........................... 23, 25

Markus v. Asahi Jyuken U.S.A., Inc., No. 23868
   (Supreme Court of Hawaii, February 14, 2001)................................15

*Metro Media Entertainment, LLC v. Steinruck*,
   12-cv-347-DKC  (D. Maryland, Memorandum Opinion
   of 12/14/2012, ECF Document 67). ......................................... 13, 21, 22, 26, 28

*Morowitz v. Marvel*,
   423 A.2d 196 (D.C. 1980) ...........................................................18

_____
*Authorities upon which we chiefly rely are marked with asterisks.
.

v

*Nader v. Democratic Nat'l Comm.*,
   567 F.3d 692 (D.C. Cir. 2009)........................................................18

*Robinson-Reeder v. American Council on Educ.*,
   571 F.3d 1333 (2009)...............................................................16

*Shirokov v. Dunlap, Grubb & Weaver PLLC*,
   Civil Action No.10-12043-GAO,
   2012 U.S. Dist. LEXIS 42787 (D. Mass. March 1, 2012).............. 19, 20, 24, 25

**Statutes**

17 U.S.C. §§ 101 *et seq.*...........................................................1

28 US.C. § 1338(a) ................................................................1

28 US.C. §1331 ....................................................................1

**Treatises**

8 *Moore's Federal Practice*, § 41.34[7][b] (Matthew Bender 3d. ed.) ............. 2, 14

# GLOSSARY

CEG - Copyright Enforcement Group, LLC

IP - Internet Protocol

ISP - Internet Service Provider

TDF - Third Degree Films, Inc. (Plaintiff/Appellee)

SA - Supplemental Appendix of Appellee

## BRIEF FOR APPELLEE

Comes now Appellee Third Degree Films, Inc. (the Plaintiff in the proceedings below) ("Third Degree Films" or "TDF" or Plaintiff/Appellee) and (i) moves this Court to dismiss the Appeal of Bailey Zwarycz (the Defendant in the proceedings below) ("Zwarycz") for lack of appellate jurisdiction and because she waived her right to appeal by virtue of the stipulated dismissal with prejudice of the entire matter, and (ii) opposes the appeal of Zwarycz. Appellee Third Degree Films also moves for an award of attorney's fees under Circuit Rule 38 as this appeal is frivolous and Zwarycz's counsel has submitted multiple frivolous filings in this and other cases.

## COUNTER-STATEMENT OF JURISDICTION

The district court had jurisdiction because this is an action for copyright infringement under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.* The District Court had jurisdiction under 17 US.C. §101 *et seq.,* 28 US.C. §1331 (federal question), and 28 US.C. § 1338(a) (copyright). *See Original Complaint in the case, ECF Document 1.*

On April 20, 2012, Appellant Zwarycz's counterclaim was dismissed by the district court. *See Minute Order entered in ECF system on 4/20/2012 without document number.*

1

Counsel for Appellant Zwarycz then stipulated with Counsel for Appellee Third Degree Films as follows: "After a teleconference with the Court on May 9, 2012, the parties now stipulate to the dismissal of the matter with prejudice as to John Does 116 and 117 and Defendant Bailey Zwarycz."   DCDC ECF Doc. 59, filed May 10, 2012.  A stipulated dismissal with prejudice is not appealable.  See 8 *Moore's Federal Practice*, § 41.34[7][b] (Matthew Bender 3d. ed.) ("A party may not appeal from a stipulated dismissal with prejudice because it is not an involuntary adverse judgment."). Despite the Agreement of the Parties, Counsel for Zwarycz turned around and filed this Appeal.  This Court does not have jurisdiction over the appeal, and the appeal should be dismissed.

## COUNTER-STATEMENT OF ISSUES

1. Whether this Court has Jurisdiction over the Appeal filed by Appellant Zwarycz.

2. Whether the District Court properly dismissed the Counterclaim submitted by Defendant/Appellant Zwarycz.

3. Whether Appellant Zwarcyz's appeal is frivolous and subject to dismissal.

4. Whether Appellee Third Degree Films should be awarded attorney's fees under Circuit Rule 38.

## COUNTER-STATEMENT OF THE CASE

On October 18, 2011, Appellee Third Degree Films filed a complaint against Does 1-152 alleging copyright infringement under the Copyright Act of 1976. In

its complaint, TDF identified 152 John Does through their Internet Protocol ("IP")
addresses. TDF stated that each address was assigned to a John Doe by his or her
Internet Service Provider ("ISP") during the very time that the alleged
infringement was observed by the ISP. *Zwarycz Appendix, page 1*. According to
the Technology Declaration attached as Exhibit B to the Complaint, the IP
addresses were identified by the Copyright Enforcement Group, LLC ("CEG"), a
company retained by TDF to identify copyright infringements of its copyrighted
work. *Zwarycz Appendix, page 15*. As explained in the Technology Declaration,
CEG tracks the IP addresses of internet users who participate in unlawful internet
"torrent" downloads and copy and/or distribute at least a substantial portion of the
copyrighted work. *Zwarycz Appendix, page 15*, and identified the IP addresses of
152 Does who participated in unlawful copying of Plaintiff's motion picture. *Id.*

On October 21, 2011, the District Court entered an order granting TDF's
motion for leave to take early discovery in order to identify the Doe Defendants
and allowing Plaintiff to subpoena the ISPs for the respective names, addresses,
telephone numbers, and e-mail addresses, of the Internet subscribers having the
Internet accounts with the IP addresses listed in the exhibit attached to the
Complaint. *Zwarycz Appendix, page 62*. The order further directed the ISPs to
provide any affected subscribers with a Court-directed notice explaining how they
could challenge the subpoena, contact Plaintiff's counsel, and/or obtain their own

3

attorneys. *Id.* Consequently, a subpoena was issued to Appellant Zwarycz's ISP, Comcast Cable, on October 25, 2012. The subpoena required production of "documents sufficient to identify the names, addresses, telephone numbers, and email addresses" of Comcast subscribers associated with the relevant IP addresses. *Zwarycz Appendix, page 66*. After determining that at least one of the IP addresses was associated with Zwarycz's Internet account, Comcast sent her a letter on November 10, 2011 notifying her of the subpoena. *Zwarycz Appendix, page 75*.

Since Zwarycz did not act to prevent the disclosure of her identity by Comcast in response to the subpoena, Comcast proceeded to disclose information about Zwarycz to Plaintiff/Appellee in early January 2012.

On or about January 12, 2012, Zwarycz received a letter from counsel for Plaintiff/Appellee Third Degree Films, Mike Meier, proposing to resolve the matter through settlement. *Zwarycz Appendix, page 130*. Zwarycz never contacted counsel for Appellee Third Degree Films to resolve the matter, for example by disclosing that her roommate is apparently addicted to such motion pictures. A very large number of illegal movie downloads were traced to Zwarycz's IP address. *See Exhibit 2 to Plaintiff/Appellee Third Degree Films' Motion for Discovery (ECF Document 46). Also included as Exhibit 3 in Appellee's Supplemental Appendix (SA) filed herewith, SA31.*

Even though Zwarycz had not yet actually been named as a defendant or served with a summons, on February 1, 2012 Zwarycz filed an Answer along with Counterclaims against Appellee Third Degree Films for "abuse of legal process" and "defamation." *Zwarycz Appendix, page 87*. Zwarycz voluntarily publicly identified herself, her address, and other facts about her personal life.

On February 10, 2012, Appellee Third Degree Films filed a Rule 12(b)(6) Motion to Dismiss Zwarycz's Counterclaims and for Sanctions. *Zwarycz Appendix, page 135*. Subsequently, Zwarycz voluntarily dismissed her bizarre "defamation" counterclaim, but only after Appellee Third Degree Films had briefed the issue to the District Court. *Zwarycz Appendix, page 135*. Zwarycz dismissed the "defamation" counterclaim in her Opposition to the Motion to Dismiss (ECF Document 28) after her equally bizarre *"Motion to Extend the Time for Filing Her Opposition [to Plaintiff's Rule 12(b)(6) Motion] and to Permit Necessary Discovery to Proceed on an Expedited Basis" (ECF Document 24)*. Note that Zwarycz did not include that Motion in her Appendix filed with the Court.

On March 23, 2012, after Zwarycz volunteered to be a named defendant, Plaintiff/Appellee Third Degree Films voluntarily dismissed all other remaining Does from the case without prejudice, and Zwarycz became the sole defendant in the case. *Zwarycz Appendix, page 184*.

After a hearing before Judge Beryl A. Howell on April 20, 2012, the District Court dismissed Zwarycz's "Abuse of Legal Process" Counterclaim. *See ECF Docket Entry of 4/20/12*:

> "MINUTE ORDER (paperless) For the reasons stated on the record during the April 20, 2012 status conference, the plaintiff's [19] Motion to Dismiss Defendant Zwarycz's Counterclaims is GRANTED. …."

However, at the time, the District Court did not find "reason to impose sanctions upon defendant's lawyers for bringing a counterclaim against the plaintiff. The defendant's counterclaim did not multiply the proceeding so unreasonably and vexatiously to reach the bar for the imposition of fees and costs under 1927 …" *Zwarycz Appendix, page 195*.

Because the Complaint only alleged "direct" copyright infringement, and Plaintiff was unable to investigate the events in Zwarycz's Virginia household (which was outside the jurisdiction of the Court) to establish who was using the computer to engage in copyright infringement of copyrighted works, Plaintiff filed a Rule 41 motion to dismiss the case against Zwarycz without prejudice (i.e., Zwarycz may again become implicated depending on a subsequent more substantial investigation). *See ECF Document 56, Motion to Dismiss under Rule 41(a)(2) by Third Degree Films*. While that motion was pending, the Parties agreed to a stipulated dismissal. The Stipulation of Dismissal with Prejudice on May 10, 2012 provides:

6

"… the parties now stipulate to the dismissal of the matter with prejudice as to John Does 116 and 117 and Defendant Bailey Zwarycz." (*See ECF Docket Entry 59*)

The same day, the District Court issued the following:

"MINUTE ORDER (paperless) In light of the parties' [59] Stipulation of Dismissal Pursuant to Rule 41(a)(1)(A)(ii), this case is hereby dismissed with prejudice as to John Does 116 and 117 and Defendant Bailey Zwarycz. Consequently, the plaintiff's pending [56] Motion to Dismiss Under Rule 41(a)(2) is denied as moot. The Clerk is directed to close this case. Signed by Judge Beryl A. Howell on May 10, 2012. (lcbah1)."

*Note that the Stipulated Dismissal and the Parties' Stipulation do not provide for the appeal of certain parts of the case, such as Zwarycz's counterclaim, but refer to the case as a whole*.

Despite the Parties' Stipulation, on June 6, 2012, Zwarycz filed her Notice of Appeal with the District Court stating her intent to appeal the District Court's order of April 20, 2012 granting the Plaintiff's motion to dismiss Zwarycz's claims of abuse of legal process. *Zwarycz Appendix, page 232-234*. The instant appeal was docketed in the Court of Appeals on June 14, 2012.

Appellee Third Degree Films filed a motion to dismiss on July 13, 2012 contending that this Court of Appeals lacked appellate jurisdiction, and that the appeal was frivolous, and requesting attorney's fees. An opposition and reply were filed on July 23, 2012 and July 25, 2012, respectively. On October 16, 2012, this Court ordered the parties to address the issues contained in TDF's motion to dismiss in their briefs, and on November 6, 2012 a briefing order was issued.

## COUNTER-STATEMENT OF FACTS

Plaintiff Third Degree Films, Inc. ("Plaintiff"), filed a Complaint against John Does who unlawfully copied and/or distributed copies of Plaintiff's copyrighted work through a file-swapping network ("Peer-to-Peer" or "P2P" network). The Complaint alleges one Count of Copyright Infringement against each Doe defendant.  At the time of filing the Complaint, the true identities of the Doe defendants were not known to Plaintiff, with discovery from ISPs being necessary to uncover the identities of Internet subscribers whose Internet accounts were used in the infringements.

On or about January 30, 2012, Appellant Bailey Zwarycz ("Zwarycz"), by and through counsel, filed an Answer and Counterclaims. Zwarycz had been notified by her ISP that her identity was being sought.  Plaintiff had not named Zwarycz in the Complaint (or in an amended complaint), had not named Zwarycz in a summons or served one on her, and had not had an opportunity to review Zwarycz's specific case before Zwarycz voluntarily entered the case. Zwarycz resides in Blacksburg, Virginia, and is thus subject to jurisdiction of this Court only because she voluntarily entered an appearance to become a Defendant. Before voluntarily entering the case, Zwarycz had never contacted Plaintiff's counsel to discuss the matter, or to explain how the illegal downloads occurred through her IP address.

8

In the course of discovery, Plaintiff found through research conducted by the software company CEG that Zwarycz's two known IP addresses assigned to her Internet account had been used for multiple and ongoing copyright infringements. *See Third Degree Films Appendix, Document 3, SA31; this document was also Exhibit 2 to Plaintiff/Appellee Third Degree Films' Motion for Discovery (ECF Document 46) (16-page Exhibit of additional copyright infringements traced to Zwarycz's IP address).*There is a likelihood that more copyright infringements were committed through Zwarycz's Internet account: (1) Because her IP address is dynamic and thus changes periodically, she may have held many more IP addresses in the past that have not yet been identified as hers; (2) the 16-page document with additional infringements traced to Zwarycz's IP address were only for movie studios that had engaged CEG to uncover infringements. It is unknown what the actual number of copyright infringements committed through Zwarycz's IP account may be.

Discovery also revealed that Zwarycz had a boyfriend and several male roommates living with her who may have used her internet connection. However, the District Court did not have jurisdiction over those individuals because of their residence in Virginia, and Zwarycz refused to arrange for Plaintiff to inspect the other computers in the household and the internet set-up.

Zwarycz dismissed the "defamation" counterclaim in her Opposition to the Motion to Dismiss (ECF Document 28). After a hearing before Judge Beryl A. Howell on April 20, 2012, the District Court dismissed Zwarycz's "Abuse of Legal Process" Counterclaim. *See ECF Docket Entry of 4/20/12.*

On May 1, 2012, Plaintiff's and Defendant's experts met in the presence of counsel to jointly review the C-drive of Zwarycz's laptop computer (the only computer provided by Zwarycz). The cursory examination itself took only about 15 minutes, and no evidence of BitTorrent downloads was detected on the laptop computer presented. Because the current complaint only alleges "direct" copyright infringement, and Plaintiff is unable to investigate all computers in the household and specifically identify the mass copyright infringer, Plaintiff filed a Rule 41 motion to dismiss the present case against Zwarycz without prejudice. Zwarycz may again be implicated depending on a more substantial investigation. *See ECF Document 56, MOTION to Dismiss under Rule 41(a)(2) by THIRD DEGREE FILMS, INC.* While that motion was pending, the Parties agreed to a stipulated dismissal to dismiss the pending case with prejudice. However, pursuant to an Agreement of the Parties titled "Agreement" (dated May 9, 2012; hereinafter "Settlement Agreement") (*see Third Degree Films Appendix Document 1, SA1, included in Email Communications Between Attorney Lowe and Attorney Meier Regarding Stipulated Dismissal*), the Plaintiff may pursue potential other claims (other than the direct copyright infringement claim alleged in the Complaint)

against Zwarycz. The Stipulation of Dismissal with Prejudice was signed by

counsel for each party on May 10, 2012, and it provides:

> "… the parties now stipulate to the dismissal of the matter with
> prejudice as to John Does 116 and 117 and Defendant Bailey
> Zwarycz." (*See ECF Docket Entry 59*).

The Settlement Agreement of the Parties provides:

> "The Parties agree as follows:
>
> 1. The dismissal is with prejudice and Plaintiff will enter it right
> away.
>
> 2. The actions of the Parties here do not prevent Plaintiff from
> filing a later claim based on contributory or vicarious
> infringement based on other or additional facts than contained
> in this complaint, if the facts discovered by Plaintiff warrant
> such claims.
>
> 3. Each of the Parties will be responsible for that party's own
> attorney fees, costs and expenses."

*See Third Degree Films Appendix Document 1, SA1, included in Email*

*Communications Between Attorney Lowe and Attorney Meier Regarding Stipulated*

*Dismissal.*

The same day, the District Court issued the following:

> "MINUTE ORDER (paperless) In light of the parties' [59]
> Stipulation of Dismissal Pursuant to Rule 41(a)(1)(A)(ii), this
> case is hereby dismissed with prejudice as to John Does 116
> and 117 and Defendant Bailey Zwarycz. Consequently, the
> plaintiff's pending [56] Motion to Dismiss Under Rule 41(a)(2)
> is denied as moot. The Clerk is directed to close this case.
> Signed by Judge Beryl A. Howell on May 10, 2012. (lcbah1)."

On or about June 7, 2012, despite the Parties' stipulation and their Settlement

Agreement, Zwarycz filed her Notice of Appeal. *See ECF Docket Entry 61.*

## SUMMARY OF ARGUMENT

This Court does not have jurisdiction over Zwarycz's appeal, because Zwarycz stipulated to a dismissal of the pending case. *See ECF Docket Entry 59.*

Even if this Court finds that Zwarycz's appeal was not precluded by the stipulated dismissal of the matter, Zwarycz's "abuse of process" counterclaim was absurd from the beginning. Plaintiff/Appellee did not have any "ulterior motive" such as taking her first-born child or her treasured baseball card collection. The goal of the lawsuit (and similar ones brought by other parties elsewhere) is to deter copyright infringement and hold accountable, under the Copyright Act, the persons who participate in the illegal copying and/or distribution of the copyrighted work.

At a minimum, Zwarycz provided internet access for a mass infringer despite multiple notices from Plaintiff/Appellee (and presumably also from her internet service provider) that unlawful internet downloads were going on. Naturally, Plaintiff is seeking compensation for the losses it is suffering due to ongoing copyright infringements. Enforcing one's copyright is not an "ulterior motive."

Plaintiff/Appellee was not compelling Zwarycz to do something that she "could not legally and regularly be required to do." See *Dormu v. Dist. of Columbia*, Civil Action 08-00309 (HHK) (Memorandum Opinion of June 7, 2011) (D.D.C., 2011), pages 34-35. Zwarycz could have attempted to resolve the matter

informally with Plaintiff, or settle the matter confidentially, or appear in court to litigate the matter. Zwarycz chose the latter option. These options and this process are clearly within the purview of the legal process.

Applying *Ashcroft v. Iqbal*, Zwarycz's "abuse of process" counterclaim was not "' … plausible on its face.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Counsel for Appellant Zwarycz conveniently fails to mention in his Appellant brief the fact that his virtually identical "abuse of process" claim was dismissed on December 14, 2012 by Maryland Chief Judge Deborah K. Chasanow in a similar case. *Metro Media Entertainment, LLC v. Steinruck*, 12-cv-347-DKC (D. Maryland, Memorandum Opinion of 12/14/2012, ECF Document 67); *included as Third Degree Films Appendix as Document 2, SA13*.

After three district court decisions dismissing such counterclaims, and after the large number of bizarre and wasteful court filings, it is time to stop Zwarycz's counsel. The three adverse district court decisions are:

- *Third Degree Films, Inc. v. Zwarycz*, 1:11-cv-01833-BAH (D. DC 2012) (the case at bar);

- *Shirokov v. Dunlap, Grubb & Weaver PLLC*, Civil Action No.10-12043-GAO, 2012 U.S. Dist. LEXIS 42787 (D. Mass. March 1, 2012) [ECF Document 79]; and

- *Metro Media Entertainment, LLC v. Steinruck*, 12-cv-347-DKC (D. Maryland, Memorandum Opinion of 12/14/2012, ECF Document 67). *See Third Degree Films Appendix, Document 2, SA13*.

Appellee Third Degree Films is therefore asking for attorneys' fees under Circuit Rule 38.

## ARGUMENT

## I.   THIS COURT DOES NOT HAVE JURISDICTION OVER APPELLANT ZWARYCZ'S APPEAL.

### *Appellant Cannot Appeal from a Stipulated Dismissal with Prejudice*

The Parties stipulated to a Dismissal "of the matter with prejudice," and the District Court issued a Minute Order (paperless) dismissing the case with prejudice. In fact, as the record shows, Zwarycz had specifically requested a dismissal with prejudice, to which Plaintiff/Appellee initially did not agree because of the potential claims of contributory or vicarious copyright infringement against Zwarycz. *See Docket Entry 56 of 5/4/12, MOTION to Dismiss under Rule 41(a)(2) by THIRD DEGREE FILMS, INC. (Attachments: # (1) Memorandum in Support, # (2) Text of Proposed Order)(Meier, Mike)*. The Parties then concluded a Settlement Agreement that permits Plaintiff/Appellee to possibly refile a claim for contributory or vicarious copyright infringement against Zwarycz. It is obvious that the Settlement Agreement includes an acknowledgment that Zwarycz's "abuse of process" claim was, at best, a mere mistake and at worst frivolous. *See Third Degree Films Appendix Document 1, SA1, included in Email Communications*

14

*Between Attorney Lowe and Attorney Meier Regarding Stipulated Dismissal*. The

Stipulated Dismissal with Prejudice refers to "the matter," not just specific claims.

A stipulated dismissal with prejudice is not appealable. *See* 8 *Moore's*

*Federal Practice*, § 41.34[7][b] (Matthew Bender 3d. ed.) ("A party may not

appeal from a stipulated dismissal with prejudice because it is not an involuntary

adverse judgment."). *See e.g., Coughlin v. Cataldo*, No. 23108 (Supreme Court of

Hawaii, June 22, 2000); *Markus v. Asahi Jyuken U.S.A., Inc.*, No. 23868 (Supreme

Court of Hawaii, February 14, 2001).

### *Zwarycz Waived Her Right to Appeal by Agreeing to the Stipulated Dismissal*

Zwarycz waived her right to appeal when she agreed to the stipulated

dismissal. Prior to the stipulated dismissal on May 10, 2012, the district court had

entered a minute order dismissing Zwarycz's Abuse of Process counterclaim.  The

district court, however, did not certify the dismissal order as a final order pursuant

to Rule 54(b).  Therefore, the district court still retained jurisdiction over the order,

including the power to reconsider, rescind, or modify the dismissal order regarding

Abuse of Process counterclaim.  *See City of Los Angeles v. Santa Monica*

*Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (discussing district court's power to

reconsider, rescind, or modify its own interlocutory orders while it has jurisdiction

over the case).  Thus, it is significant that at a time when the district court still

retained power to modify or rescind the dismissal of the Abuse of Process

15

counterclaim, Zwarycz agreed to a stipulated dismissal of not just the Plaintiff's claims, but to a dismissal of the entire matter.

Ordinarily, where a part of litigant's case is dismissed on the merits, a litigant may seek appellate review by dismissing the remaining claims with prejudice. *See Robinson-Reeder v. American Council on Educ.*, 571 F.3d 1333, 1338 fn. 5 (2009). Here, however, Zwarycz stipulated to the dismissal with prejudice of the entire matter with prejudice, not just the remaining claims. *See ECF Docket Entry 59*.

The impropriety of Zwarycz's appeal becomes more evident when the Court examines the respective counsel's email exchange regarding the dismissal. *See Appendix Document 1, SA1, Email Communications Between Attorney Lowe and Attorney Meier Regarding Stipulated Dismissal*. On May 9, 2012, Zwarycz's attorney wrote "[i]t was a major concession by [Zwarycz] to go along with the agreement I sent to you. I hope that will [resolve] the log jam here. The agreement gives you everything you wanted and I worked hard to convince her to agree to the agreement. Let's get this order entered and behind us." *See id.* As stated by her own counsel, Zwarycz made a "major concession" when she made the agreement to go along with the stipulated dismissal. *See id.* Unless Zwarycz was giving up her right to appeal the dismissal of the Abuse of Process counterclaim, there is no concession as the only remaining claims as of May 9,

16

2012 were Plaintiff's claims which it could have been dismissed without prejudice under Federal Rule of Civil Procedure 41.

In this case, it was Zwarycz's counsel who proposed the Settlement Agreement. *See Third Degree Films Appendix Document 1, SA1, Email Communications Between Attorney Lowe and Attorney Meier Regarding Stipulated Dismissal attached Email communications between counsel with attached copy of the Settlement Agreement drafted by Zwarycz's counsel*. That Settlement Agreement states that "Plaintiff" (Third Degree Films, Inc., the Appellee) is not prevented from filing a claim based on contributory or vicarious copyright infringement against Zwarycz. *The Agreement does not provide for Zwarycz retaining a right to appeal*. This clearly shows that the intent of the stipulation was to dismiss the entire matter, and Zwarycz's abuse of process counterclaim was a dead issue with respect to both the copyright infringement case already filed and any new contributory or vicarious copyright infringement case regarding the same work that might be filed in the future.

Therefore, when the stipulated dismissal was entered regarding the entire matter, everything, including Zwarycz's Abuse of Process counterclaim, was dismissed with prejudice.  At the time, the district court still retained jurisdiction to modify the interlocutory dismissal of the Abuse of Process counterclaim.  If Zwarycz wanted to preserve her right to appeal, Zwarycz should have bargained

17

for and specified in the dismissal that she was preserving her right to appeal the

dismissal of the Abuse of Process counterclaim (such position obviously would

have affected Plaintiff's decision to go along with a dismissal with prejudice).

Instead, Zwarycz agreed to dismiss with prejudice the entire matter, thereby

terminating her right to appeal. Such was the price Zwarycz paid to have Plaintiff's

claim of direct copyright infringement dismissed against her with prejudice.

## II.  APPELLANT ZWARYCZ'S COUNTERCLAIM WAS PROPERLY DISMISSED

### *The Abuse of Process Counterclaim Was Specious Ab Initio. Thus, the Counterclaim was Properly Dismissed and Her Appeal is Frivolous.*

In *Dormu v. Dist. of Columbia*, Civil Action 08-00309 (HHK)

(Memorandum Opinion of June 7, 2011) (D.D.C., 2011), the court outlined the

District of Columbia law on abuse of process:

> Under District of Columbia law, the tort of abuse of process
> allows plaintiffs to recover where they can show that a
> defendant has used the legal system "to accomplish some end
> which is without the regular purview of the process, or which
> compels the party against whom it is used to do some
> collateral thing which he could not legally and regularly be
> required to do." *Bown v. Hamilton*, 601 A.2d 1074, 1079
> (D.C. 1992) (internal quotation marks omitted). Although the
> D.C. Court of Appeals has left the tort's "exact elements far
> from clear," *Nader v. Democratic Nat'l Comm.*, 567 F.3d 692,
> 697 (D.C. Cir. 2009), the existence of an ulterior motive is
> not enough. *Morowitz v. Marvel*, 423 A.2d 196, 198 (D.C.
> 1980). In addition to ulterior motive, "one must allege and
> prove that there has been a perversion of the judicial process

18

and achievement of some end not contemplated in the regular prosecution of the charge." *Id. Dormu*, page 34-35.

Here, Zwarycz failed to allege facts that would show that (i) Plaintiff has "has used the legal system 'to accomplish some end which is without the regular purview of the process, or which compels the party against whom it is used to do some collateral thing which he could not legally and regularly be required to do'"; or (ii) Plaintiff has an "ulterior motive"; or (iii) in addition to "ulterior motive," Plaintiff has undertaken "a perversion of the judicial process and achievement of some end not contemplated in the regular prosecution of the charge." In fact, Zwarycz utterly failed to articulate Plaintiff's "ulterior motive."

Of course, we should keep in mind that Zwarycz voluntarily inserted herself into the lawsuit. For all Zwarycz knew at the time she voluntarily answered the Complaint (which, as noted above had NOT BEEN SERVED UPON HER), investigation by Plaintiff following disclosure of her identity to Plaintiff by the ISP might have led to the "John Doe" corresponding to her name (John Doe 116 and 117) being voluntarily dismissed from the case without her ever being named as a defendant. No summons bearing her name was ever issued and no summons or complaint had been served upon her by the time she voluntarily answered.

Compare the ruling of Judge Howell in the District Court below to the ruling in *Shirokov v. Dunlap, Grubb & Weaver PLLC*, Civil Action 10-12043-GAO, 2012

19

U.S. Dist. LEXIS 42787 (D.Mass. March 1, 2012, ECF Document 79), which

involves strikingly similar facts (emphasis added):

> To sustain an abuse of process claim, Shirokov must establish that "process was used 'to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed.'" *Millennium Equity Holdings, LLC v. Mahlowitz, 456 Mass. 627, 636, 925 N.E.2d 513 (2010)* (quoting *Quaranto v. Silverman, 345 Mass. 423, 426, 187 N.E.2d 859 (1963))*.  [*101] Thus, the three elements of abuse of process are (1) "process" was used, (2) for an ulterior or illegitimate purpose, (3) resulting in damage. *Id.* (citations omitted); *Gutierrez v. Mass. Bay Transp. Auth., 437 Mass. 396, 407, 772 N.E.2d 552 (2002)* (citations omitted); *Jones v. Brockton Pub. Mkts., Inc., 369 Mass. 387, 389, 340 N.E.2d 484 (1975)*.

> "Process" refers to "the papers issued by a court to bring a party or property within its jurisdiction." *Jones, 369 Mass. at 390*. Massachusetts courts have limited process to three types: writs of attachment, the process used to institute a civil action, and the process related to the bringing of criminal charges. *Id. at 389-90*.

> Here, Shirokov has not alleged sufficient facts to support an abuse of process claim. Process never issued against him because he was never named in the … Lawsuit. ***The term process does not encompass a courtesy copy of the complaint and a settlement demand***. See Complaint at ¶ 359 ("Defendants provided (without serving) the operative complaint to the class members by mailing them letter that direct them to the *Far Cry* website, where the complaint was posted."). Accordingly, he has failed to state a claim for abuse of process. (*ECF Document 79, pages 57-58 of 68*) (emphasis added).

Just as Shirokov was not served with "process" in *Shirokov*, in the instant

case no process was served on Zwarycz.  As noted already, she voluntarily inserted

herself into the case.

20

Several days before Zwarycz's counsel filed his Appellate Brief, he was yet another time put on notice that his counterclaim is improper: his virtually identical claim was dismissed on December 14, 2012 by Maryland Chief Judge Deborah K. Chasanow in a similar case. *Metro Media Entertainment, LLC v. Steinruck*, 12-cv-347-DKC (D. Maryland, Memorandum Opinion of 12/14/2012, ECF Document 67) (*included in Third Degree Films Appendix, Document 2, SA13*).  In that case the defendant, Richard Steinruck, represented by Zwarycz's cousel, voluntarily answered before a summons and complaint were served on him.  Steinruck's abuse of process counterclaim was dismissed.  Chief Judge Chasanow ruled:

> The only facts set forth by Defendant that could potentially support an abuse of process claim relate to the issuance of the subpoena to Defendant's ISP and the ensuing settlement letter transmitted by Plaintiff. The lawful purpose of the subpoena was to compel the ISP to divulge Defendant's name and address, which, in turn, would enable Plaintiff to file an amended complaint naming the proper defendants and requesting the issuance of summonses. While the fact that Plaintiff also used that information to convey a settlement offer is clearly "outside the scope" of the subpoena, the purpose of the settlement letter was not "to attain some collateral objective." *Palmer Ford*, 298 Md. at 512-13. Indeed, it proposed to resolve the suit. *The only threat contained in Plaintiff's "extortive shakedown letter," as Defendant calls it, is that Plaintiff would "formally name [Mr. Steinruck] as a defendant" if he declined to settle. (ECF No. 23-3). Insofar as this constitutes a "threat," it is no different from those routinely presented in demand letters to potential defendants prior to the filing of law suits in court. While it is likely true, given the salacious nature of the film, that Plaintiff had substantial leverage in settlement discussions, there is nothing wrong with presenting a defendant with a settlement offer prior to*

*proceeding with litigation, and the fact that Plaintiff may have had an ulterior motive is inconsequential in the abuse of process analysis. See Wallace v. Mercantile County Bank, 514 F.Supp.2d 776, 793 (D.Md. 2007) ("[n]o liability is incurred where the defendant has done nothing more than pursue the lawsuit to its authorized conclusion regardless of how evil his motive may be") (quoting One Thousand Fleet, 346 Md. at 38 (internal marks omitted)).* Moreover, Defendant has not suffered an "arrest or a seizure of property," as required to establish a claim of abuse of civil process under Maryland law. *One Thousand Fleet*, 346 Md. at 48. To the extent that he has suffered reputational harm from the association of his name with the unauthorized downloading and/or uploading of pornography, his injury was self-inflicted. A procedure was put in place by which Defendant could have vindicated his vehement denials of liability without publicly revealing his identity. He elected to reveal his name, however, and he cannot now reasonably assert that damages attributable to this revelation were caused by Plaintiff.

In sum, the facts presented in the counterclaim do not support a cause of action for abuse of process. Accordingly, Plaintiff's motion to dismiss will be granted.

*Metro Media Entertainment, LLC*, at 13-15 (*emphasis added*).

Note that Zwarycz conveniently failed to point this decision out to the Court, even though Zwarycz's counsel is also counsel in that case.

Zwarycz loses on all three *Dormu* factors, and there is no allegation that overcomes the simple facts that Plaintiff used the legal system to accomplish an end which is completely within the regular purview of legal process -- that is, to achieve payment of damages or statutory damages for copyright infringement -- and that Zwarycz was not being compelled to do any collateral thing which she

22

could not legally and regularly be required to do if she were shown to be an infringer of Plaintiff's copyrighted work as Doe defendants were accused of being.

Further, as additional basis for dismissing Zwarycz's abuse of process counterclaim, she made no allegation that there has been a perversion of the judicial process and achievement of some end not contemplated in the regular prosecution of the charge of copyright infringement.

## III.  APPELLANT ZWARYCZ'S APPEAL IS FRIVOLOUS AND MUST BE DISMISSED

Zwarycz's Appeal is frivolous and continues her counsel's pursuit to waste court resources.

Even though three District Courts have dismissed similar abuse of legal process claims, and Zwarycz's counsel had entered into a Stipulated Dismissal to dismiss the entire matter, Zwarycz's counsel submitted his Appellate Brief.

Under the Defendant's brief heading of "III. APPELLANT ZWARYCZ'S APPEAL IS NOT FRIVOLOUS AND THERE EXISTS NO BASIS FOR DISMISSAL," Zwarycz (a) first tries to distinguish the *Shirokov* case, then (b) refers to the inapposite case of *K-Beech, Inc. v. John Does 1-85*, Civil Action No. 3-11-cv-469-JAG, 2011 U.S. Dist. LEXIS 124581 (E.D. Va. Oct. 5, 2011) [the undersigned attorney was present at oral argument for that case], and (c) refers to the case of *Digital Sin, Inc. v. John Does 1-176*, Civil Action No. 1:12-cv-00126-AJN, 2012 U.S. Dist. LEXIS 78292 (S.D.N.Y. January 30, 2012) [the undersigned

23

attorney was the attorney who filed the complaint in that case and is cited in Judge

Nathan's opinion].

First, as to *Shirokov v. Dunlap, Grubb & Weaver PLLC*, Civil Action No.10-

12043-GAO, 2012 U.S. Dist. LEXIS 42787 (D. Mass. March 1, 2012, ECF

Document 79), Zwarycz attempts to distinguish Massachusetts law from District of

Columbia to argue that her claim is not frivolous. Zwarycz writes:

> "[C]ourts in the District of Columbia have specified that abuse
> of process will only lie where the process is abused after it has
> been initiated, so that the filing of an action itself may not be
> actionable, but some further misuse of process is necessary. …
> Zwarycz's claim satisfies this requirement since she does not
> allege that TDF's complaint constitutes the sole misuse of
> process. Rather, she has alleged that after the filing of the
> complaint, TDF abused the legal process by issuing a subpoena
> and using the subpoenaed information to extort money from
> Zwarycz without investigation into her actual guilt." (*Zwarycz
> Appellate Brief, page 31-32 of 37 of ECF Document 1411229*).

Zwarycz forgets to mention that issuing a subpoena to the Internet Service

Provider is the only way of getting information leading to the identities of

copyright infringers since Plaintiff only had the IP addresses. Zwarycz also fails to

mention that all she received was a proposed settlement. She could have easily

contacted Plaintiff's counsel to explain that one of her male roommates is the

infringer and cooperated in this regard. Instead, she voluntarily made herself a

defendant and disclosed her identity in documents accessible to the public.

Note that the Court in *Shirokov* pointed out: "Here, Shirokov has not alleged sufficient facts to support an abuse of process claim. Process never issued against him because he was never named in the Achte Lawsuit." *Shirokov, ECF Document 79, page 58 of 68*. Zwarycz's situation is virtually identical, because Plaintiff never named her and never served process upon her. She voluntarily made herself a defendant.

Second, *K-Beech, Inc. v. John Does 1-85*, Civil Action No. 3-11-cv-469-JAG, 2011 U.S. Dist. LEXIS 124581 (E.D. Va. Oct. 5, 2011), does NOT support Zwarycz' counterclaim. *See Zwarycz Brief, page 25*. *K-Beech* is distinguishable in many respects: (i) the John Does in that case were not alleged to have distributed the exact same file (as identified by the hash mark); (ii) the law firm directing the lawsuit used a call center to initiate contact with John Does and used harassment tactics to intimidate John Does and their attorneys. This attorney has first-hand experience with that call center as he was representing John Does at the time and had several interactions with that call center; (iii) the law firm in that case simply dismissed all John Does who filed any kind of motion, instead of filing oppositions. Furthermore, even under these circumstances, Judge Gibney later changed his initial impression and found that counsel's conduct not sanctionable. *See Order of 12/21/2011 [Document 32]*.

Third, *Digital Sin, Inc. v. John Does 1-176*, Civil Action No. 1:12-cv-00126-AJN, 2012 U.S. Dist. LEXIS 78292 (S.D.N.Y. January 30, 2012), does NOT support Zwarycz's counterclaims. *See Zwarycz Brief, page 27*. At the hearing in *Digital Sin*, Judge Nathan asked this counsel (Mike Meier) in how many cases, based on past experience, it is not the IP subscriber but someone else who committed the alleged copyright infringement through the subscriber's IP address. This counsel responded that, based on his prior experience representing John Does, that in approximately 30% of the cases it is (typically) the teenage son or the boyfriend of the (female) IP subscriber. Note that after the hearing Judge Nathan granted the discovery motion to seek the identities of the ISP subscribers in that case.

As noted before, Appellant Zwarycz conveniently fails to mention the fact that the virtually identical claim was dismissed on December 14, 2012 by Maryland Chief Judge Deborah K. Chasanow in a similar case. *Metro Media Entertainment, LLC v. Steinruck*, 12-cv-347-DKC (D. Maryland, Memorandum Opinion of 12/14/2012, ECF Document 67) (*see Third Degree Films Appendix, Document 2, SA13*).

## IV.  PLAINTIFF/APPELLEE THIRD DEGREE FILMS SHOULD BE AWARDED ATTORNEY'S FEES UNDER CIRCUIT RULE 38

In a relatively short period of time, counsel for Zwarycz has amassed an impressive record of frivolous filings and actions that waste everybody's time and

resources. *Please see the number of filings in the District Court's ECF docket, in particular Zwarycz's counterclaim with a bizarre "defamation" counterclaim (ECF Document 18), and an equally bizarre "Motion to Extend the Time for Filing Her Opposition [to Plaintiff's Rule 12(b)(6) Motion] and to Permit Necessary Discovery to Proceed on an Expedited Basis" (ECF Document 24). Zwarycz failed to cite any rule or law in support of her Motion.*

During the District Court proceedings, Plaintiff several times requested attorney's fees for Zwarycz's actions and arguments that were improper. For example, Zwarycz's original "Defamation" Counterclaim was clearly frivolous in light of the judicial process privilege. As another example, Zwarycz introduced into the pleadings the Affidavit of an alleged "expert" who appeared to represent Comcast Cable and stated his opinion as to Comcast's technology and copyright infringements committed through Comcast equipment. As it turned out, that "expert" was merely a virtual customer account representative who did not have any work experience in those areas. *See Exhibit 1 to Plaintiff's Rule 12(b)(6) Motion, Statement of Counsel for Comcast, John Seiver of Davis Wright Tremaine, LLP, stating that Comcast does not endorse the statements in the affidavit of Stephen Hendricks that was attached to Zwarycz's answer and counterclaims, Exhibit 1. "One of the attachments to the Counterclaim is the Declaration of Stephen Hendricks who, among other things, is employed by Comcast as a Virtual*

*Customer Account representative. ... I am writing to confirm that Mr. Hendricks is indeed not authorized to speak on behalf of Comcast in this matter, or any other matter, and was never authorized to communicate with Ms. Zwarycz or provide her any information in his Declaration. He is not employed in a position within Comcast that has any relationship to IP address assignment methodology or technology*."

Zwarycz's present appeal is yet one more frivolous filing and Plaintiff deserves attorneys' fees for the efforts expended.

As noted several times above, Zwarycz's counsel filed his Appellate Brief after he was, yet another time, put on notice that his "abuse of process" counterclaim is improper: his virtually identical claim was dismissed on December 14, 2012 by Maryland Chief Judge Deborah K. Chasanow in a similar case. *Metro Media Entertainment, LLC v. Steinruck*, 12-cv-347-DKC (D. Maryland, Memorandum Opinion of 12/14/2012, ECF Document 67) (*see Third Degree Films Appendix, Document 2, SA13*). Zwarycz's counsel arguably violated his duty of candor to this Court by not disclosing this decision in his Appellate brief, which he filed five days after receiving Judge Chasanow's Memorandum Opinion through ECF.

## CONCLUSION

Zwarycz's appeal is frivolous and it is time to stop her counsel from making and pursuing such baseless abuse of process claims and wasting court resources.

Appellee therefore requests this Court to dismiss Zwarycz's appeal, and award attorneys' fees pursuant to Circuit Rule 38.

Respectfully submitted this 17th day of January 2013.

FOR THE PLAINTIFF/APPELLEE:

By:   /s/ Mike Meier
        Mike Meier (D.C. Bar #444132)
        The Copyright Law Group, PLLC
        4000 Legato Road, Suite 1100
        Fairfax, VA 22033
        Phone: (888) 407-6770
        Fax: (703) 546-4990
mike.meier.esq@copyrightdefenselawyer.com

ATTORNEY FOR PLAINTIFF/APPELLEE

## CERTIFICATE OF COMPLIANCE WITH
## TYPEFACE AND TYPE STYLE REQUIREMENTS

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in proportionately spaced typeface using Microsoft Word 2010 in 14-point Times New Roman font and contains 6,722 words

January 17, 2013

By:   /s/ Mike Meier
Mike Meier (D.C. Bar #444132)
The Copyright Law Group, PLLC
4000 Legato Road, Suite 1100
Fairfax, VA 22033
Phone: (888) 407-6770
Fax: (703) 546-4990
Email:
mike.meier.esq@copyrightdefenselawyer.com

ATTORNEY FOR PLAINTIFF/APPELLEE

30

# United States Court of Appeals
## for the District of Columbia Circuit

*Third Degree Films, Inc. v Does, et al.,*, No. 12-7052

## CERTIFICATE OF SERVICE

I, Robyn Cocho, being duly sworn according to law and being over the age of 18, upon my oath depose and say that:

Counsel Press was retained by MIKE MEIER, Attorney for Appellee to print this document. I am an employee of Counsel Press.

On **January 17, 2013**, Counsel for Appellee has authorized me to electronically file the foregoing **BRIEF OF APPELLEE THIRD DEGREE FILMS, INC.** with the Clerk of Court using the CM/ECF System, which will serve, via e-mail notice of such filing, to any of the following counsel registered as CM/ECF users:

John Christian Lowe, Esquire
Email: johnlowe@johnlowepc.com
John Lowe, PC
5920 Searl Terrace
Bethesda, MD 20816
Fax: 301-320-8878
Tel: 301-320-3300
Counsel for Appellant

A courtesy copy has also been mailed to the above listed counsel.

Unless otherwise noted, 8 paper copies have been filed with the Court on the same date via Express Mail.

January 17, 2013

/s/ Robyn Cocho
Robyn Cocho
Counsel Press

31