# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 12-7052**  September Term, 2012

FILED ON: APRIL 30, 2013

THIRD DEGREE FILMS, INC.,
    APPELLEE

v.

DOES, 1 - 152,
    APPELLEE

BAILEY ZWARYCZ, AKA JOHN DOE 116 AND JOHN DOE 117,
    APPELLANT

TALBORT TABOR, ET AL.,
    APPELLEES

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:11-cv-01833)

---

Before: GARLAND, *Chief Judge*, ROGERS, *Circuit Judge*, and SILBERMAN, *Senior Circuit Judge*

### J U D G M E N T

This case was considered on the record from the United States District Court for the District of Columbia and the briefs of the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. R. 34(j). The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is

**ORDERED AND ADJUDGED** that this appeal be dismissed for lack of jurisdiction.

Zwarycz challenges the district court's dismissal of her abuse of process counterclaim against Third Degree Films, Inc. On April 20, 2012 the district court granted Third Degree Films' motion to dismiss the counterclaim. On May 9, 2012, the parties filed a stipulation of dismissal pursuant to FED. R. CIV. P. 41(a)(1)(A)(ii). An accompanying proposed order described Third Degree Films as having moved "for an order of dismissal with prejudice to be entered in *this case*" and announced "*this action* is dismissed with prejudice." (emphases added)

| **No. 12-7052** | 2 | **September Term, 2012** |
|---|---|---|

By minute order May 10, 2012, the district court dismissed the case, denied Third Degree Films' pending motion to dismiss under Rule 41(a)(2) as moot, and directed the Clerk "to close this case." Unlike the cases on which Zwarycz relies, the stipulation for "dismissal of the matter" was not limited to particular claims only. *See, e.g., Robinson-Reeder v. American Council on Educ.*, 571 F.3d 1333, 1338-39 (D.C. Cir. 2009); *Studstill v. Borg Warner Leasing*, 806 F.2d 1005, 1008 (11th Cir. 1986). Zwarycz's argument that the stipulation could not encompass her counterclaim because that counterclaim had been "erased from the case" by the April 20 order, Appellant's Br. 15, is incorrect in light of FED. R. CIV. P. 54(b), which provides that an order adjudicating "fewer than all the claims . . . of fewer than all the parties does not end the action as to any of the claims . . . and may be revised at any time before the entry of [final] judgment." Zwarycz's explanation that the parties stipulated to dismissal and did not pursue a motion to reconsider or interlocutory appeal "in order to expedite the litigation process and avoid piecemeal review," Reply Br. 9, is belied by the record. *Cf. Raceway Properties, Inc. v. Emprise Corp.*, 613 F.2d 656, 657 (6th Cir. 1980) (citing *United States v. The Proctor & Gamble Co.*, 356 U.S. 677 (1958)). In view of the Rule 41(a)(1)(A)(ii) dismissal, this appeal is improper and must be dismissed for lack of jurisdiction.

      The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

                                               **FOR THE COURT:**
                                               Mark J. Langer, Clerk

                                 BY:    /s/
                                               Jennifer M. Clark
                                               Deputy Clerk